| Case No. | **CV 18-6806-DMG (RAOx)** | Date | December 17, 2018 |
|---|---|---|---|
| Title | *Luiza Arutunian v. Mercedes-Benz USA, LLC* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE MOTION TO REMAND ACTION TO LOS ANGELES COUNTY SUPERIOR COURT [9]**

On June 26, 2018, Plaintiff Luiza Arutunian filed a Complaint in Los Angeles County Superior Court against Defendant Mercedes-Benz USA, LLC. *See* Removal Notice, Ex. A at 23–30 (Compl.) [Doc. # 1].[1] The Complaint alleges the following claims in connection with a 2015 Mercedes-Benz G550 that Plaintiff leased from a third-party: two causes of action under the Magnuson-Moss Warranty Act ("MMWA") and two causes of action under the Song-Beverly Consumer Warranty Act. *See id.* at 26–30. On August 8, 2018, Defendant removed the action, invoking this Court's federal question, diversity, and supplemental jurisdiction. *See* Removal Notice at 1 [Doc. # 1.] On August 21, 2018, Plaintiff filed the instant motion to remand ("MTR"). [Doc. # 9.] The MTR has since been fully briefed. [Doc. ## 15, 17.] Having duly considered the parties' written submissions, the Court **DENIES** Plaintiff's MTR.

## I.
## LEGAL STANDARD

"[A] party seeking to remove a case to federal court has the burden of proving that all the requirements of removal have been met. That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal." *See Parker v. Brown*, 570 F. Supp. 640, 642 (S.D. Ohio 1983); *accord Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). If only written materials are submitted for the district court's consideration, then the removing defendant need only establish a *prima facie* case to survive a motion to remand. *See Parker*, 570 F. Supp. at 642–43; *cf. Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014) (a motion to remand for lack of subject matter jurisdiction is governed by Rule 12(b)(1) standards); *ActiveVideo Networks, Inc. v. Trans Video Elecs., Ltd.*,

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-6806-DMG (RAOx)** | Date | December 17, 2018 |
|---|---|---|---|
| Title | *Luiza Arutunian v. Mercedes-Benz USA, LLC* | Page | 2 of 4 |

975 F. Supp. 2d 1083, 1085–86 (N.D. Cal. 2013) ("When a factual [Rule 12(b)(1)] motion to dismiss is made and only written materials are submitted for the court's consideration, a plaintiff need only establish a *prima facie* case of jurisdiction.").

## II.
## DISCUSSION

Plaintiff contends that this action should be remanded to state court for two reasons: (1) the Court lacks federal question jurisdiction over her MMWA claims, and (2) the Court should decline to exercise supplemental jurisdiction over her Song-Beverly Act claims because they "substantially predominate" over the MMWA claims.² *See* MTR at 3–8. Both arguments are without merit.

With regard to her first contention, Plaintiff contends that her case "does not arise out of a federal question . . . ." *See id.* at 3 (emphasis deleted). This assertion is belied by the fact that Plaintiff explicitly raises claims under the MMWA. *See* Compl. at 26–28 [Doc. # 1]; *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 917 (9th Cir. 2005) ("[T]he Magnuson–Moss Warranty Act creates a *federal private cause of action* for a warrantor's failure to comply with the terms of a written warranty . . . ." (emphasis added)); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) ("Th[e] provision for federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action *created by federal law* . . . ." (emphasis added)).

Further, Plaintiff's federal claims satisfy the MMWA's $50,000 amount-in-controversy requirement. *See* 15 U.S.C. § 2310(d)(3)(b) ("No claim shall be cognizable in a suit brought [in federal court] . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit . . . ."). Because the MMWA is silent on the question of remedies, courts "turn[] to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy." *See Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005); *see also Gusse v. Damon Corp.*, 470 F. Supp. 2d 1110, 1117 (C.D. Cal. 2007) ("[C]ourts must look to state substantive law to determine the remedies for breach of an express warranty."). State law authorizes a plaintiff to recover "restitution in an amount equal to the actual price paid or payable by the [lessee] . . . ." *See* Cal. Civ. Code § 1793.2(d)(2)(B); *id.*

---

² Plaintiff also appears to argue that the Court should decline to exercise supplemental jurisdiction because her state claims are "novel or complex[.]" *See* Reply at 3, 5–6. The Court rejects any such assertion because Plaintiff failed to cogently raise it. *See* Fed. R. Civ. P. 7(b)(1)(B) ("A request for a court order must be made by motion. The motion must: . . . state with particularity the grounds for seeking the order . . . .").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-6806-DMG (RAOx)** | Date | December 17, 2018 |
|---|---|---|---|
| Title | *Luiza Arutunian v. Mercedes-Benz USA, LLC* | Page | 3 of 4 |

§ 1793.2(d)(2)(D) (providing that this remedy is available to lessees).[3] Plaintiff prays for this relief in connection with her MMWA claims.[4] *See* Compl. at ¶¶ 41.a, 49.a [Doc. # 1].

The lease attached to the Complaint shows that Plaintiff was obligated to pay $35,000 on the date of execution (*i.e.*, August 28, 2015) and $1,589 for each month thereafter until the conclusion of the lease term (*i.e.*, August 28, 2020). *See* Compl., Ex. A at 20 (lease agreement) [Doc. # 1]. The Complaint does not indicate that Plaintiff defaulted on the lease before she "revoked acceptance" of the vehicle on December 28, 2017. *See* Compl. at ¶ 25 [Doc. # 1]. Consequently, Plaintiff's allegations establish that she seeks $77,903, which is comprised of the $35,000 down payment and 27 monthly rent payments (the later of which amounts to $42,903).[5] Moreover, although Plaintiff contends that the Court should not utilize her "maximum recovery" to determine the amount-in-controversy, that position is inconsistent with clearly established law. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *Romo*, 397 F. Supp. 2d at 1240 ("There is nothing in the text of the Magnuson-Moss Act that would indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332.").

Lastly, Plaintiff contends that her state law claims substantially predominate over her federal causes of action because the Song-Beverly Act supposedly "presents a better remedy to

---

[3] Although this remedy is available only for a "new motor vehicle," *see* Cal. Civ. Code § 1793.2(d)(2), the 2015 Mercedes-Benz G550 falls within the scope of that term, *see* Compl. at ¶¶ 8, 15–16 (alleging that Defendant "issued and supplied to Lessor several written warranties, including a four (4) year or fifty thousand (50,000) mile factory warranty, as well as other standard warranties fully outlined in the Manufacturer's Warranty Booklet[,]" and claiming that the vehicle had been driven for only 19 miles at the time it was transferred to Plaintiff) [Doc. # 1]; *Victorino v. FCA US LLC*, 326 F.R.D. 282, 301 (S.D. Cal. 2018) ("[T]he definition of 'new motor vehicle' . . . includes 'a motor vehicle sold with a manufacturer's new car warranty.'" (quoting *Jensen v. BMW of N. Am., Inc.*, 35 Cal. App. 4th 112, 123 (1995))).

[4] Plaintiff claims that she cannot "recover a full refund plus additional charges" under the MMWA. *See* MTR at 5. Although Plaintiff cites California Civil Code section 1793.2 for this proposition, she does not explain why the remedies provided under that statute are not available under the MMWA. *See id.* at 4–5; Reply at 5.

[5] California law provides that "the amount to be paid by the manufacturer to the [lessee] may be reduced by the manufacturer by that amount directly attributable to use by the [lessee] prior to the time the [lessee] first delivered the vehicle to the manufacturer . . . ." *See* Cal. Civ. Code § 1793.2(d)(2)(C). That provision would reduce the amount-in-controversy by only $13,418.55, which leaves $64,484.45 available for Plaintiff to recover. *See id.* (providing the formula for calculating the amount directly attributable to use, which utilizes the actual price of the vehicle and the mileage at the time it is delivered to the manufacturer); *See* Compl., Ex A at 32 (providing that the vehicle's price is $139,691.68) [Doc. # 1]; Compl., Ex. B at 41 (letter in which Plaintiff's counsel asserts that the final repair attempt occurred when the vehicle had been driven for 11,527 miles) [Doc. # 1].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-6806-DMG (RAOx)** | Date | December 17, 2018 |
|---|---|---|---|
| Title | *Luiza Arutunian v. Mercedes-Benz USA, LLC* | Page | 4 of 4 |

aggrieved [p]laintiffs in the state of California" than does the MMWA. *See* MTR at 7; Reply at 5. That assertion fails because, as noted *supra*, Plaintiff has not adequately supported it and federal courts often look to state law to determine which remedies are available under the MMWA. *See, e.g.*, *Romo*, 397 F. Supp. 2d at 1240 ("The Court . . . believes that the Song-Beverly civil penalties . . . ought to be treated the same for the purposes of this analysis [of the amount-in-controversy under the MMWA]."). Additionally, all of Plaintiff's claims arise out of the same defects to the 2015 Mercedez-Benz G550. *See* Compl. at ¶¶ 19–30, 37, 41, 43, 46–49, 51, 54, 56–62 [Doc. # 1]. Therefore, on this record, the factors of "judicial economy, convenience, fairness, and comity" weigh in favor of exercising supplemental jurisdiction over the state law claims and refraining from severing them from the federal claims. *See Satey v. JP Morgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)).

In sum, the Court has federal question jurisdiction over Plaintiff's MMWA claims, and she has failed to demonstrate that the Court should decline to exercise supplemental jurisdiction over her state law claims. For those reasons, the Court need not determine whether diversity jurisdiction over Plaintiff's state law claims is proper.

### III.
### CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's MTR.

**IT IS SO ORDERED.**